Steven R. Blackburn, State Bar # 154797
Leslie J. Mann, State Bar # 95467
Epstein Becker & Green, P.C.
One California Street, 26th Floor
San Francisco, CA  94111-5427
Telephone:    415.398.3500
Facsimile:     415.398.0955
sblackburn@ebglaw.com
lmann@ebglaw.com

Attorneys for Defendants
QUEST DIAGNOSTICS, INC. and
JACK SATTERLEE

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIRIAM A. ROBERSON,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>QUEST DIAGNOSTICS, INC., JACK SATTERLEE, and DOES 1 THROUGH 20, inclusive,<br><br>　　　　　Defendant. | CASE NO.: 2:07-cv-02140-JAM-KJM<br><br>E-Filing<br><br>**ORDER GRANTING DEFENDANT JACK SATTERLEE'S MOTION FOR SUMMARY JUDGMENT**<br><br>COMPLAINT FILED: May 18, 2007<br>TRIAL:　　　　　　February 8, 2010<br><br>**Hearing Date:** November 4, 2009<br>**Time:**　　　　9:00 a.m. |

　　　　Defendant JACK SATTERLEE's Motion for Summary Judgment came regularly on for hearing on November 4, 2009 before the Honorable John A. Mendez.  Andrea Rosa of the Rosa Law Group and Jean Schaefer of the Law Offices of Jean Schaefer appeared for Plaintiff Miriam Roberson and Steven R. Blackburn of Epstein Becker & Green, P.C. appeared for Defendants QUEST DIAGNOSTICS, INC., and JACK SATTERLEE.

　　　　After considering the moving, opposition and reply papers, arguments of counsel and all other matters presented to the Court, and good cause appearing, IT IS HEREBY ORDERED that:

　　　　1.　　Individual managers cannot as a matter of law be held personally liable for employment discrimination under the California Fair Employment and Housing Act.  *Reno v. Baird,* 18 Cal. 4th 640, 645-47 (1988).  It is an undisputed fact that Mr. Satterlee was Plaintiff's

- i -

PDF created with pdfFactory trial version www.pdffactory.com

supervisor. Therefore Plaintiff's First Cause of Action for wrongful termination based on race is summarily adjudicated for Defendant Satterlee.

2. Plaintiff Roberson failed to raise a triable issue of material fact that she was subjected to offensive comments or conduct attributed to Defendant Satterlee that were clearly based on her race or which were sufficiently "severe and pervasive" to alter the conditions of her employment. *See, e.g., Aguilar v. Avis Rent A Car System, Inc.,* 21 Cal.4th 121, 130 (1999). Therefore Plaintiff's First Cause of Action for harassment is summarily adjudicated for Defendant Satterlee.

3. As a matter of law, "only an employer can be liable for the tort of wrongful discharge in violation of public policy." *Khajavi v. Feather River Anesthesia Med. Group,* 84 Cal. App. 4th 32, 53 (2000); *Miklosy v. Regents of Univ. of Calif.,* 44 Cal. 4th 876, 901 (2008). It is an undisputed fact that Mr. Satterlee was not Plaintiff's employer. Therefore Plaintiff's Second and Third Causes of Action for wrongful termination are summarily adjudicated for Defendant Satterlee.

4. Plaintiff Roberson failed to raise a triable issue of material fact that she was subjected to treatment by Defendant Satterlee that was "so extreme as to exceed all bounds of that usually tolerated in a civilized community." *Christensen v. Superior Court,* 54 Cal.3d 868, 903 (1991). Therefore Plaintiff's Fourth Cause of Action for intentional infliction of emotional distress is summarily adjudicated for Defendant Satterlee.

5. Therefore Defendant Jack Satterlee's Motion for summary judgment is GRANTED.

IT IS SO ORDERED.

Date:  November 17, 2009                         /s/ John A. Mendez
                                                  United States District Court Judge

PDF created with pdfFactory trial version www.pdffactory.com